1  Thomas Robert Dilks
   #2206340049
2  High Desert Detention Center
   9438 Commerce Way 4C-04
3  Adelanto, Ca.
   92301
4  Attorney for  In Pro Per



Related DDJ

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 6 2024

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

5

6        IN THE UNITED STATES DISTRICT COURT

7        FOR THE CENTRAL DISTRICT OF CALIFORNIA

8                    EASTERN DIVISION

9

N/S

10  THOMAS ROBERT DILKS, **ED  CV  24** - Case No.:  **02686-JFW(PD)**
                        *Plaintiff,*

11        vs.                          COMPLAINT

12  JASON ANDERSON; BRITT IMES; SEAN      DEMAND FOR JURY TRIAL
    HAN; CHARLES TSUEI; SHERIFF
13  SHANNON DICUS; CHRISTOHER BEAN;      (18 U.S.C.A. §§ 1962-1964)
    YAQUELIN GALVAN; DARREN SIMS;           (*Civil RICO Statutes*)
14  CARLOS GODOY; TREVOR MALENSEK;
15  CARL CHIAPPONE; CAPT. VENEGAS;                &
    SGT. JARED SACAPANO; SMASH
16  DEPUTY CERDA; JOHN VANDERFEER;      (42 U.S.C.A. §§ 1983-1985)
    WILLIAM JEFFERSON POWELL IV;
17  CHRISTOPHER POLLONE; DEBRA           (*Notice & Demand for Award*
    HARRIS; JONI SINCLAIR; MELISSA        *of Damages, as well as*
18  RODRIGUEZ; NICHOLE QUINTANA-            *Attorney's Fees*)
19  WINTER; ZAHARA ARREDONDO;
20  KATHLEEN CURTIS; and DOES #1 to #50,
21                          *Defendants*
22  SHAWN THURMAN; LT. AVILA;
    LT. ARRIETA
23

24

25

26

27

28

# INTRODUCTION

*1.* The following Civil Complaint and Request for Jury Trial, with Award of Damages & Attorney's Fees is being brought before this Court by a Pre-Trial Detainee under the Civil RICO Statutes announced under Federal Law. Plaintiff, THOMAS DILKS, is in Pro Per, and asks that the Court read this pleading and "liberally" construe his positions put forth herein. Plaintiff contends that the San Bernardino County Sheriff's Dept., the District Attorney's Office for the Desert region of San Bernardino County, and the Victorville Division of the Superior Court of the County of San Bernardino, are ALL "Enterprises" within the meaning of RICO, and that the Defendants named herein, have ALL acted as "Members" of their respective enterprises, and have committed predicate acts of "Racketeering" by repeatedly violating 18 U.S.C.A. §§ 1343, 1503, 1510, 1511, 1512, as well as 42 U.S.C.A. §§1983-1985.

# JURISDICTION

*2.* This Court has proper jurisdiction, in that ALL of the allegations made herein, occurred within the Central District of California, as established by Federal Law.

# VENUE

*3.* Venue is determined by the residency of the Plaintiff, and the location of the residency of at least 50% of the Defendants named herein.

# PARTIES TO THE ACTION

# PLAINTIFF

*4.* Plaintiff, THOMAS ROBERT DILKS, is a living breathing individual. He is a resident of the City of Upland, California, in the County of San Bernardino. He is the owner of EXTREME WRECKER & ROAD SERVICE, a small business that repairs and services Diesel Trucks that transport "Goods & Commodities" from Coast-to-Coast, and locally between the Western States. He has been charged with criminal activity and is a "Pre-Trial" detainee who HAS NOT been convicted by a jury of his peers, therefore he still enjoys all of the rights announced in the Constitutional Bill of Rights, except of course, (those that must give way to the administration and the facilitation of the San

1  Bernardino County Jail), and to those he is entitled to "due process of law", prior to the

2  loss of those rights.

3                                    **DEFENDANTS**

4    5.  Defendant Jason Anderson is a resident of San Bernardino County. He is also

5  employed within the County of San Bernardino, as a member of an "Enterprise".

6    6.  Defendant Britt Imes is a resident of San Bernardino County. He is also

7  employed within the County of San Bernardino, as a member of an "Enterprise".

8    7.  Defendant Sean Han is a resident of San Bernardino County. He is also employed

9  within the County of San Bernardino, as a member of an "Enterprise".

10   8.  Defendant Charles Tsuei is a resident of San Bernardino County. He is also

11  employed within the County of San Bernardino, as a member of an "Enterprise".

12   9.  Defendant Shannon Dicus is a resident of San Bernardino County. He is also

13  employed within the County of San Bernardino, as a member of an "Enterprise".

14   10.  Defendant Christopher Bean is a resident of San Bernardino County. He is also

15  employed within the County of San Bernardino, as a member of an "Enterprise".

16   11.  Defendant Yaquelin Galvan is a resident of San Bernardino County. She is also

17  employed within the County of San Bernardino, as a member of an "Enterprise".

18   12.  Defendant Darren Sims is a resident of San Bernardino County. He is also

19  employed within the County of San Bernardino, as a member of an "Enterprise".

20   13.  Defendant Carlos Godoy is a resident of San Bernardino County. He is also

21  employed within the County of San Bernardino, as a member of an "Enterprise".

22   14.  Defendant Trevor Malensek is a resident of San Bernardino County. He is also

23  employed within the County of San Bernardino, as a member of an "Enterprise".

24   15.  Defendant Carl Chiappone is a resident of San Bernardino County. He is also

25  employed within the County of San Bernardino, as a member of an "Enterprise".

26   16.  Defendant Capt. Venegas is a resident of San Bernardino County. He is also

27  employed within the County of San Bernardino, as a member of an "Enterprise".

28

17.    Defendant Lieutenant John Doe #1 is a resident of San Bernardino County. He is also employed within the County of San Bernardino, as a member of an "Enterprise".

18.    Defendant Sgt. Jared Sacapano is a resident of San Bernardino County. He is also employed within the County of San Bernardino, as a member of an "Enterprise".

19.    Defendant Smash Deputy Cerda is a resident of San Bernardino County. She is also employed within the County of San Bernardino, as a member of an "Enterprise".

20.    Defendant William Jefferson Powell is a resident of San Bernardino County. He is also employed within the County of San Bernardino, as a member of an "Enterprise".

21.    Defendant Christopher Pollone is a resident of San Bernardino County. He is also employed within the County of San Bernardino, as a member of an "Enterprise".

22.    Defendant Debra Harris is a resident of San Bernardino County. She is also employed within the County of San Bernardino, as a member of an "Enterprise".

23.    Defendant Joni Sinclair is a resident of San Bernardino County. She is also employed within the County of San Bernardino, as a member of an "Enterprise".

24.    Defendant Melissa Rodriguez is a resident of San Bernardino County. She is also employed within the County of San Bernardino, as a member of an "Enterprise".

25.    Defendant Nichole Quintana-Winter is a resident of San Bernardino County. She is also employed within the County of San Bernardino, as a member of an "Enterprise".

26.    Defendant Zahara Arredondo is a resident of San Bernardino County. She is also employed within the County of San Bernardino, as a member of an "Enterprise".

27.    Defendant John VanderFeer is a resident of San Bernardino County. He is also employed within the County of San Bernardino, as a member of an "Enterprise".

28.    Defendant Kathleen Curtis is a resident of San Bernardino County. She is also employed within the County of San Bernardino, as a member of an "Enterprise".

## ENTERPRISES INVOLVED

29.    The Office of the District Attorney of San Bernardino County, is an "Enterprise". With a presiding member and subordinates. Members advance through merits of performance, and are subject to discipline in varying degrees within the "Enterprise". The

1  common purpose of the enterprise is to initiate litigation, in an effort to vindicate the
2  rights of the plaintiffs they represent, resulting in monetary gains, and or imprison-
3  ment. The enterprise is an "on-going" enterprise, and it obtains monetary and fiduciary
4  gains through its activities and performance, through "quarterly" fiscal reviews, and its
5  performance as an enterprise affects interstate commerce.

6  *30.* The Sheriff's Department of San Bernardino County, (herein SBCSD) is by
7  definition pursuant to the controlling regulations, an "Enterprise". It consists of a
8  hierarchy, with a presiding member, and subordinates. Its structure is such that its
9  members advance through the reward for merits of performance. The enterprise has a
10  structured organization, with an individual at its head, and a hierarchy that consists of
11  numerous subservient positions, each acting under the direction of a designated
12  individual acting in a supervisory authority. Each and all of its members are subject to
13  discipline in varying degrees, as well, its members are sworn by oath upon their
14  employment, or acceptance into the enterprise. The common purpose of the enterprise
15  is to enforce the laws announced by both State and Federal Legislation. The enterprise is
16  an "on-going" enterprise and it obtains monetary and fiduciary gains through its
17  activities and
18  performance, through "quarterly" fiscal reviews, and its performance as an enterprise
19  affects interstate commerce.

20  *31.* The Victorville Division of San Bernardino County Superior Court, is by
21  definition pursuant to the controlling regulations, an "Enterprise". It consists of a
22  hierarchy, with a presiding member, and subordinates. Its structure is such that its
23  members advance through the reward for merits of performance. The enterprise has a
24  structured organization, with an individual at its head, and a hierarchy that consists of
25  numerous subservient positions, each acting under the direction of a designated
26  individual acting in a supervisory authority. Each and all of its members are subject to
27  discipline in varying degrees, as well, its members are sworn by oath upon their
28  employment, or acceptance into the enterprise. The common purpose of the enterprise

1    is to resolve disputes brought before its members by individuals, both accused of, and

2    accusing others of, wrongdoing, under the laws announced by both State and Federal

3    Legislation. *IT'S PERFORMANCE AS AN ENT. AFFECTS INTERSTATE COMM.*

4

5

6                              **STATEMENT OF FACTS**

7    32.    Defendant Shannon Dicus is a member of the enterprise known as The SBCSD.

8    As a supervising member of said enterprise, Shannon Dicus has the authority and the

9    responsibility to insure that the members of the enterprise act in accord with both State

10   and Federal law. In the summer months of 2019, Defendant Dicus, acting under color of

11   state law, in his official as well as individual capacity, allowed Defendant Christopher

12   Bean to access a "Commercial Off The Shelf" (COTS) Investigational Application

13   known as PenLink PLX. This access was committed through the use of computers

14   owned by the enterprise.

15   33.    PenLink PLX is a "Commercial Off The Shelf"(COTS), meaning that it is able to

16   be purchased by anyone, "Investigation Application".

17   34.    PenLink PLX is a program written by a company out of Lincoln, Nebraska,

18   known as PenLink, Ltd. PenLink, Ltd. is registered with the United States Government

19   as a "software developer".

20   35.    PenLink, Ltd. writes software programs that allow individuals to track cellular

21   devices in "real-time". PenLink, Ltd. has numerous applications and programs that do

22   various tasks surrounding the use and tracking of cellular devices.

23   36.    The "PenPoint" program offered by PenLink, Ltd. allows a cellular device to be

24   tracked in real time. This means that, once purchased, the buyer of the PenLink

25   software, need ONLY enter the number a specific device into its program, and the

26   "Live" location of this device will appear on the computer, (or cellular device), of the

27   user of the PenPoint program.

28

37.    PenLink, Ltd. and its various software applications, also allow for the historical location of a device, and the current registered owner of the device, the previous owner of the device, and the information surrounding the services provided to the device since its initial activation. (Called the "porting history").

38.    All of these features of the PenLink, Ltd. software applications, (i.e. PenLinkPLX, PenPoint, etc.) if employed without Court Authorization, are an illegal invasion of privacy under the Fourth Amendment to the United States Constitution.

39.    The use of these applications in an effort to affect the testimony of a witness is a federal offense, and if committed by a member of an enterprise, while in an effort to effect the common purpose of that enterprise, amounts to an "Act of Racketeering" (18 U.S.C.A. §§1503, 1512).

40.    Defendant Shannon Dicus, purchased PenLinkPLX through the use of funds acquired by the enterprise, through a wire transfer of said funds, and has repeatedly utilized PenLinkPLX, directly and indirectly, to commit the offense of conspiracy, while engaged in the activities of the enterprise. (18 U.S.C.A. § 1962 (c),(d))

41.    Defendant Christopher Bean, while employed as a member of the enterprise known as SBCSD, has repeatedly utilized PenLinkPLX, and conspired with other members of the enterprise, without Court authorization, to apprehend individuals that he and other members of the enterprise suspect as criminals. Defendant Bean then obstructs justice, and/or interferes/tampers with the testimony of a witness, by the use of the information gleaned from the illegal use of PenLinkPLX. (18 U.S.C.A. §§ 1503, 1512, 1962 (c),(d))

42.    During the months of June through August, 2019, Defendant Bean, Defendant Galvan, Defendant Nace, Defendant Sims, Defendant Godoy, Defendant Malensek, and Defendant Chiappone, individually and collectively, under the authority of the enterprise, utilized electronic devices, "over the wire", (meaning through cellular/wireless communication), fraudulently, to apprehend, then interfere/tamper with the testimony of witnesses. (18 U.S.C.A. §§1503, 1512, 1962 (c),(d))

43. While engaged in activity as a member of the enterprise, in the summer months of 2019, Defendant Bean acquired a cellular device that had been left at a location suspected of being an active crime scene.

44. Defendant Bean, then utilized the PenLinkPLX application to obtain the owner information surrounding the device. Defendant Bean then began tracking other devices suspected of being used by an individual by the name of William Dexter Ohlinger. From the months of May through August of 2019, Defendant(s) Bean, Galvan, Nace, Sims, Godoy, Malensek, and Chiappone, would conspire to apprehend individuals who they would discover through the use of PenLinkPLX had some sort of associations with William Dexter Ohlinger. The Defendant's would intimidate and threaten the individuals thereby interfering/tampering with their ability to be witnesses, and would elicit statements incriminating William Dexter Ohlinger. (18 U.S.C.A. §§1503, 1512, 1962 (c),(d))

45. After numerous logins by the defendants to effect the illegal use of PenLinkPLX, and dozens of detentions/arrests of individuals in the High Desert region of Southern California, defendants would track and arrest William Dexter Ohlinger. After his arrest, Deputy Shawn Thurman would confront William Dexter Ohlinger and inform him that "they" (the members of the enterprise) had been tracking his every move for weeks. They would say that they could "put him" at numerous locations at which it was suspected that "Home Invasion Robberies" had been committed.

46. On September 4th, 2019, as a result of the tampering/interfering with the truthful testimony of numerous witnesses, the members of the enterprise would accomplish their planned conspiracy, and convince William Dexter Ohlinger to cooperate with them.

47. William Dexter Ohlinger would sit down with Defendant Shawn Thurman and provide false testimony that he was a member of a known prison gang.

48. William Dexter Ohlinger would state that he had been committing robberies of "illegal" Marijuana Grows, at the direction of other gang members.

49.  Through the conspiracy of the "racketeering activities" of the Defendants, William Dexter Ohlinger would be induced to provide a statement that intimated that he "Was working for…" (meaning he was committing crimes on behalf of)an individual who he has never met. A complete fallacy. (18 U.S.C.A. §§1503, 1512, 1962 (c),(d)).

50.  Defendant Bean would then take this information that he had elicited, and fraudulently contort into a statement, that changed the names of the individuals provided by William Dexter Ohlinger, and would initiate an investigation.

51.  The investigation initiated by Defendant Bean would be come to be known as Operation GIT Branded, and would not only acquire millions of dollars FOR the enterprise, it would COST the enterprise hundreds of thousands of dollars to complete.

52.  Through the continued unauthorized use of PenLinkPLX, and with the use of the numerous statements acquired by the defendant members of the conspiracy, Defendant Christopher Bean would apply to a Defendant William Jefferson Powell IV, for authorization to wiretap two telephones.

53.  In his application for the wiretap, Defendant Bean would swear under penalty of perjury that the owners of the cellular devices were KEN O'HALEY and JEANNE ROLDAN, (respectively).

54.  His affidavit would be an application in support of permission to GPS locate the devices that he suspected were being by used individuals to commit various crimes that he asserted were being committed at the direction of a member of a prison gang known as the Aryan Brotherhood.

55.  In his application requesting permission, (FOR THE FIRST TIME), to GPS/Geo-locate the cellular devices in question, Defendant Bean would tell Defendant Powell that the cellular devices in question were being utilized by individuals in the cities of Delano, Ca. and San Bernardino, Ca.

56.  The UNAUTHORIZED use of the PenLinkPLX application is the only feasible way that Defendant Bean could possibly know the location of these devices.

57.   Defendant William Jefferson Powell IV is a member of the enterprise known as the San Bernardino Superior Court. He is the individual responsible for authorizing the members of the enterprise (SBCSD) to violate the rights of the citizens of San Bernardino County, Ca.

58.   As such, he has a responsibility and ethical obligation to complete his tasks as a member of the enterprise, within the bounds of the law.

59.   There is a procedure announced by 18 U.S.C.A. § 2510(4), also codified within the California Penal Code § 629.54 that requires that the applicant seeking a wiretap, apprise the Court of the intended use of "civilian monitors" while tapping the phone lines of common citizens.

60.   PenLinkPLX, and the use of their services, are the "citizen monitors" that Defendant Bean omitted from his application.

61.   Defendant Powell acting in his employ as a member of the enterprise DID NOT insure that the Defendant's conspiring to invade the privacy of Ken O'Haley, followed the letter of the law.

62.   By his actions, Defendant Powell violated 42 U.S.C.A. 1983-1985. The surreptitious recording of a telephone under the authority provided pursuant to false/fraudulent statements violates the Fourth Amendment to the United States Constitution. AS WELL THE OBSTRUCTION OF JUSTICE 18USC§1503

63.   That this permission was transmitted "over the wire" in 2019SBN028, 2019SBN033, 2019SBN035, 2019SBN036, and 2019SBN038, (each of which has a separate and individual transmission date),the defendant has committed at least four (4) acts of "racketeering" as defined in (18 U.S.C. A. § 1343, 1962 (c), (d)), while acting as a member of the enterprise. (THE ABOVE SBN #'s ARE WIRETAP ORDERS)

64.   With the errant permission of the enterprise, Defendant Bean began the interception of communications that ultimately were authorized by the use of his fraudulent presentation of facts within his affidavit to Defendant Powell.

65. Defendants, Bean, Glavan, Nace, Sims, Godoy, Malensek, and Chiappone, would for the next 70 days, utilize the PenlinkPLX application to monitor and track all of the devices that would contact two "Target Telephone Numbers".

66. While the "lawful intercept" would authorize the disclosure of the information pertaining to the subscriber of any/all devices that would contact a "Target Telephone", (this is known as a "Pen Register/Trap & Trace"), the "lawful intercept" DOES NOT authorize the "input" of the unauthorized numbers into the PenLinkPLX application, nor did the defendants have the "legal authorization" to track these other individuals. Defendants, Bean, Glavan, Nace, Sims, Godoy, Malensek, and Chiappone, and others unknown, while performing their respective duties as members of the enterprise, and in furtherance of the interests of the enterprise, would repeatedly utilize devices owned by the enterprise, to "obstruct justice" while violating the Constitutional rights of the individuals being tracked, in violation of (18 U.S.C.A § 1961(1), 1962(c),(d) and 42 U.S.C. § 1983-1985).

67. Throughout the months of August, September, October, November, and December, of 2019, as well as the month of September, 2021, Defendants, Bean, Galvan, Nace, Sims, Godoy, Malensek, and Chiappone, would conspire daily to "Obstruct Justice", and would engage in "Wire Fraud" when transmitting false information to and from each other, as well as, to and from the server utilized by the enterprise.

68. Defendants, Bean, Glavan, Nace, Sims, Godoy, Malensek, and Chiappone, would also, during the same period, "conspire" with Defendants Anderson, Imes, Han, Tsuei, and Powell, and others unknown, in violation of (18 U. S. C. A. § 1961 (1), 1962 (c), (d)) and (42 U.S.C.A. § 1983-1985), when transmitting "false information" to and from each other, "over the wire", while performing their respective duties as members of their respective enterprises, and in the interests of their respective enterprises, on devices owned by their respective enterprises, thereby "obstructing justice", when obtaining authorization to "wiretap" individuals in violation of the Fourth Amendment.

69.  Between the months of May and December, 2019, Defendant Jason Anderson would, while performing his duties within the "enterprise" of which he is a member, in furtherance of the interests of the "enterprise", utilize an enterprise computer, and as a member of a "conspiracy" which included Defendants Imes, Han, and Tsuei, and others unknown, to commit the illegal act of "Wire Fraud", and "Obstruction of Justice".

70.  Defendants Anderson, Imes, Han, and Tsuei, and others unknown, would conspire as members of their respective enterprise, and in furtherance of the interests of their enterprise, to "electronically" file "knowingly false" documents with the enterprise known as The San Bernardino County Superior Court, thereby committing "Wire Fraud" and "Obstructing Justice" in violation of (18 U. S. C. A § 1961 (1), 1962 (c), (d)), on numerous occasions.

71.  On September 3rd, 2021, Defendant Britt Imes, would, while engaged as a member of the enterprise known as The District Attorney's Office of San Bernardino County, and while performing his duties for the benefit of said enterprise, and in furtherance of the interests of the enterprise, would commit "wire fraud", thereby violating (18 U.S.C.A. § 1961(1), 1962(c),(d) while engaged in a conspiracy with Defendant Christopher Pollone, and others unknown, to obtain an "arrest warrant" for Plaintiff's person, based on documents that are inherently and knowingly false.

72.  On September 3rd, 2021, Defendant Pollone, while engaged as a member of the enterprise known as The Superior Court of San Bernardino County, and while performing his duties within that enterprise, and for the benefit of said enterprise, would commit the "racketeering act" of "obstruction of justice" in violation of (18 U.S.C.A. § 1961(1), 1962(c),(d) while engaged as a member of a conspiracy, by issuing an "arrest warrant" for Plaintiff, based on a "*Sesslin Affidavit*" that Defendant Pollone had a duty to insure was in fact truthful, thereby violating (42 U.S.C.A. § 1983-1985)

73.  On September 3rd, 2021, Defendant Pollone, while engaged as a member of the enterprise known as The Superior Court of San Bernardino County, and while perfor-ming his duties within that enterprise, and for the benefit of said enterprise, while

acting in concert and as a member of a conspiracy with Defendant Britt Imes, and others
unknown, commit "wire fraud", in violation of (18 U. S. C. A. § 1961(1), 1962(c),(d), by
transmitting an "arrest warrant" back to Defendant Imes, authorizing the arrest of
Plaintiff, thereby violating (42 U. S. C. A. § 1983-1985).

74.   On September 21st, 2021, Defendant Trevor Malensek, while engaged as a
member of the enterprise known as The SBCSD, and while performing his duties within
that enterprise, and for the benefit of said enterprise, would commit the "racketeering
act" of "wire fraud" in violation of (18 U.S.C.A. § 1961(1), 1962(c)(d) by transmitting a
"knowingly false" to Judge Michael Knish in an effort to obtain a "search warrant".

75.   On September 29th, 2021, Defendant Trevor Malensek, while engaged as a
member of the enterprise known as The SBCSD, and while performing his duties within
that enterprise, and for the benefit of said enterprise, while engaged in a "conspiracy",
individually and collectively agreed to, and did, "obstruct justice" in violation of (18
U.S.C.A. § 1961(1), 1962 (c),(d), and in violation of (42 U.S.C.A. § 1983-1985) with
Deputy Frank Harris, Deputy Jeffrey Casey, and Defendant Carl Chiappone, by
violating the Fourth Amendment and entering the residence of Robert Dilks, Jr. under
the authority of a search warrant that they knew was obtained by the use of False
Information.

76.   On September 29th, 2021, Defendants Malensek, while engaged in activities as
members of the enterprise known as The SBCSD, and while performing his duties
within that enterprise, and for the benefit of said enterprise, while engaged in a
"conspiracy" with Carl Chiappone agreed to, and did, "obstruct justice" in violation of
(18 U.S.C.A. § 1961(1), 1962 (c),(d), by knowingly authoring a false police report, in an
effort to secure criminal charges being filed against Plaintiff.

77.   On November 15th, 2021, or thereabouts, while engaged in activities as members
of the enterprise known as The SBCSD, and while performing their duties within that
enterprise, and for the benefit of said enterprise, while engaged in a "conspiracy",
Defendants Carl Chiappone and Trevor Malensek, individually and collectively agreed

to, and did, "obstruct justice", and by way of "wire fraud" in violation of (18 U.S.C.A. § 1961(1), 1962 (c),(d),  when they transmitted to Defendant Jason Anderson, a knowingly false police report, seeking prosecution of Plaintiff.

78,   On September 29th, 2021, Defendant Does 1 to 8, (whose identities will be discovered through the use of pretrial discovery), while engaged as members of the enterprise known as The SBCSD, and while performing their duties within that enterprise, and for the benefit of said enterprise, while engaged in a "conspiracy", individually and collectively agreed to, and did, "obstruct justice" in violation of (18 U.S.C.A. § 1961(1), 1962 (c),(d), thereby also in violation of Title III of The Omnibus Crime Control and Safe Streets Act of 1968, by utilizing without authorization from a Court of Law, an IMSI Catcher, (aka Cell-Site Simulator), to disable Plaintiff's cellular phone, obtain his location, and seize his person.

79.   On October 2nd, 2021, through June 3rd, 2024, Defendant Shannon Dicus, and Does 9 to 15, while engaged as members of the enterprise known as The SBCSD, while performing duties within their respective roles in the enterprise, and for the benefit of the interests of said enterprise, individually and collectively, agreed to, and continue to, "obstruct justice" in violation of (18 U.S.C.A. § 1961(1), 1962(c),(d), by refusing to allow Plaintiff to communicate in confidence with his Counsel. Defendants actions are also a violation of the Sixth Amendment thereby violating (42 U.S.C.A. § 1983-1985).

80.   On June 2nd, 2022, Defendant Britt Imes, , while engaged as a member of the enterprise known as The District Attorney's Office of San Bernardino County, and while performing his duties within that enterprise, and for the benefit of said enterprise, violated (18 U.S.C. § 1961(1), 1962(c)(d) by conspiring with Defendant Jason Anderson, and others unknown, to "obstruct justice" and by the use of "wire fraud", filed criminal charges against Plaintiff in case no. FVI220021501, in the Victorville Superior Court, by way of electronic transmission. The factual basis for the criminal charges was known by Defendant Imes to be based on evidence seized pursuant to an illegal warrant, thereby violating  not only the Fourth Amendment rights of Robert Dilks, Jr., but also the Fifth,

1  Sixth, and Fourteenth Amendment rights of Plaintiff, amounting to a violation of (42

2  U.S.C.A. § 1983-1985).

3    8/.   On August 22nd, 2022, Defendant Sean Han, while engaged as a member of the

4  enterprise known as The District Attorney's Office of San Bernardino County, and while

5  performing his duties within that enterprise, and for the benefit of said enterprise,

6  violated (18 U.S.C.A. § 1961(1), 1962 (c)(d)) by entering into an agreement to, and actu-

7  ally conspiring to "obstruct justice" with Defendant Christopher Bean, and Defendant

8  Joni Sinclair. Defendants Han, Bean, and Sinclair, conspired to, and did, deny Plaintiff

9  of his Constitutional right to due process of law. Defendant Han, acting within the aut-

10  hority of, and in the interest of, the enterprise known as The district Attorney's Office of

11  San Bernardino County, called to the witness stand in a California Court of Law,

12  Defendant Christopher Bean, and proceeded to elicit "false testimony", thereby

13  suborning perjury from Defendant Bean. Defendant Bean provided to Defendant Joni

14  Sinclair, in the form of testimony, evidence that he knew was "false".

15    82.   On August 22nd, 2022, Defendant Joni Sinclair, while engaged as a member of the

16  enterprise known as The Superior Court of San Bernardino County, and while

17  performing her duties within that enterprise, and for the benefit of said enterprise,

18  conspired with Defendants Han, and Bean, to "obstruct justice" in violation of (18

19  U.S.C.A. § 1961(1),1962(c),(d) and (42 U.S.C.A. § 1983-1985). Defendant Sinclair is a

20  member of the enterprise known as The Superior Court of San Bernardino County. As

21  such, she has sworn a duty to uphold the laws of the United States Constitution as well

22  as the laws of the State of California. As a member of the enterprise acting within the

23  law, Defendant Sinclair, swore an oath to abide by, and support, the Laws of the State of

24  California, as well as those announced in accord with the United States Constitution. As

25  such, and acting within the law, Defendant Sinclair was required to correct the

26  testimony that she knew was false and make a ruling thereupon.

27    83.   Acting as member of the enterprise, "outside" the law, Defendant Sinclair

28  "obstructed justice" in violation of (18 U.S.C.A. § 1961(1), 1962 (c),(d)) when confronted

with false testimony. On August 22nd, 2022, Defendants Han and Bean had conspired to, and did, present to the Court, false statements. When apprised of the "falsity" of the testimony provided, Defendant Sinclair, failed to uphold her oath under color of "State Law" to uphold oath the laws of the State of California, but also those announced within the Federal Constitution, thereby committing an "Obstruction of Justice" under 18 U.S.C.A. §§ 1503, as well as denying Plaintiff of his Fifth, Sixth, and Fourteenth Amendments due process rights, thus violating 42 U.S.C.A. § 1983.

84. On or about January 20th, 2023, Defendant Debra Harris, while engaged as a member of the enterprise known as the Victorville Division of the San Bernardino County Superior Court, and while performing her duties within that enterprise, and for the benefit of said enterprise, conspired with Defendant Han, and Defendant Bean, to "Obstruct Justice in violation of 18 U.S.C.A. § 1503", by "unsealing" evidence, purporting to "attempt to examine said evidence In Chambers", announcing that her computer could NOT examine the evidence in question, then allowing Defendant Bean to leave the Courthouse without "resealing" the evidence in question.

85. On January 24th, 2023, Defendant Harris, while engaged as a member of the enterprise known as the Victorville Division of the San Bernardino County Superior Court, and while performing her duties within that enterprise, and for the benefit of said enterprise, conspired with Defendant Han, and Defendant Bean, to "Obstruct Justice in violation of 18 U.S.C.A. § 1503", by traveling to an undisclosed location and "listening" to a recording that had "purportedly" been "unsealed" in her courtroom on January 20th, 2023.

86. On January 27th, 2023, Defendant Harris, while engaged as a member of the enterprise known as the Victorville Division of San Bernardino County Superior Court, and while performing her duties within that enterprise, and for the benefit of said

1    enterprise, conspired with members of the enterprise known as the Office of the District

2    Attorney of San Bernardino County, and others unknown, as well as, Defendants Jason

3    Anderson, Britt Imes, Sean Han, and Christopher Bean, to "Obstruct Justice in violation

4    of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§ 1962 (c),(d), and in violation of

5    42 U.S.C.A. §§ 1983-1985, while acting under "Color of State Law", with Defendant

6    Han, and Defendant Bean, to "Obstruct Justice in violation of 18 U.S.C.A. § 1503", by

7    "Denying a Motion to Set Aside an Information" under California Penal Code § 995,

8    stating that "She had heard the call in question and it sounds to her like there was in

9    fact a conspiracy afoot".

10    87.  During the following month of February, 2023, Defendant Harris, while engaged

11    as a member of the enterprise known as the Victorville Division of the San Bernardino

12    County Superior Court, and while performing her duties within that enterprise, and for

13    the benefit of said enterprise, conspired with members of the enterprise known as the

14    Office of the District Attorney of San Bernardino County, and others unknown, as well

15    as, Defendants Jason Anderson, Britt Imes, Sean Han, and Christopher Bean, to

16    "Obstruct Justice in violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§

17    1962 (c),(d), and in violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of

18    State Law", Defendant Han, and Defendant Bean, to "Obstruct Justice in violation of 18

19    U.S.C.A. § 1503", by refusing to reconsider her previous decision that was made in

20    denial of California Penal Code § 629.66.

21    88.  It was during the above time in question, and through the use of a "Court

22    Appointed Audio Forensic Expert" that Plaintiff uncovered the fact that the evidence

23    that Defendant Harris had made her determination upon, had "in fact" NOT been

24    under a "judicial seal" and that there existed a "FILE CREATION DATE" attached to

25    the evidence presented to Defendant Harris by Defendants Han and Bean, that

1   established the "RECORDED EVIDENCE" had "in fact" been created at a time during

2   which the Defendants Han, Bean, and Harris all pretended that the evidence was

3   "UNDER SEAL" thereby amounting to an "Obstruction of Justice" under 18 U.S.C.A. §

4   1503.[1]

5   89.   During the months of January, March, and April of 2024, Defendants Dicus, The

6   Facility Captain at High Desert Detention Center, the Lieutenant at High Desert

7   Detention Center, Defendant Sacapano, Defendant Cerda, and Does 1 to 5  (yet to be

8   discovered) while engaged as a member of the enterprise known as the  San Bernardino

9   County Sheriff's Department, and while performing her duties within that enterprise,

10  and for the benefit of said enterprise, conspired with each other, and others unknown to

11  obstruct justice under 18 U.S.C.A. § 1503, and 18 U.S.C.A. §§ 1962(c),(d), and did by

12  their actions commit "patterns of "Racketeering Activity", as announced under "Federal

13  Law". Their actions, both collectively and individually DID violate the First, Fifth, Sixth,

14  and Fourteenth Amendment rights of the Plaintiff.

15  90.   These violations occurred by way of the confiscation of Plaintiff's "LEGAL

16  MAIL", with NO NOTIFICATION whatsoever. The mail was taken under the guise that

17  a "Drug Dog" had alerted on the outside packaging of the mail. The Mail in question

18  was NEVER opened and inspected in the presence of Plaintiff, which is the Law in the

19  State of California, under California Code of Regulations, Title 15 §§ 1063(a),(b). The

20  Defendants Dicus, The Facility Captain at High Desert Detention Center, the Lieutenant

21  at High Desert Detention Center, Defendant Sacapano, Defendant Cerda, and Does 1 to

22

23  [1] It should be noted that the "evidence in question" herein is a recorded communication that was recorded on November 15th, 2019. The evidence was "sealed" by a Judicial Order on December 23rd, 2019,

24  and ordered to be kept Isthe custody of Defendant Christopher Bean. The evidence was not "unsealed" until January 20th, 2023. When the evidence that was termed a "RAW" copy of call#3517 was turned over

25  to the "Audio Expert Appointed by the Court" in *People v. Dilks FVI21002266*, the "*FILE CREATION DATE*" was *AUGUST 29th, 2022.* A physical impossibility if the evidence in question had truly been under a "judicial seal" .

5, while engaged as members of the enterprise known as the SBCSD, and while performing their duties within that enterprise, and for the benefit of said enterprise, conspired with members of the enterprise known as the Office of the District Attorney of San Bernardino County, and others unknown, as well as, Defendants Jason Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to "Obstruct Justice in violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§ 1962 (c),(d), and in violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of State Law", DID NOT notify Plaintiff that his mail had been seized.

91. The Defendants Dicus, The Facility Captain at High Desert Detention Center, the Lieutenant at High Desert Detention Center, Defendant Sacapano, Defendant Cerda, and Does 1 to 5, while engaged as members of the enterprise known as the SBCSD, and while performing her duties within that enterprise, and for the benefit of said enterprise, while engaged as members of the enterprise known as the SBCSD, and while performing their duties within that enterprise, and for the benefit of said enterprise, conspired with members of the enterprise known as the Office of the District Attorney of San Bernardino County, and others unknown, as well as, Defendants Jason Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to "Obstruct Justice in violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§ 1962 (c),(d), and in violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of State Law", DID NOT notify plaintiff that his mail had been sent to a laboratory and WAS NOT going to be delivered to him.

92. The Defendants Dicus, The Facility Captain at High Desert Detention Center, the Lieutenant at High Desert Detention Center, Defendant Sacapano, Defendant Cerda, and Does 1 to 5, while engaged as members of the enterprise known as the SBCSD, and while performing their duties within that enterprise, and for the benefit of said

1   enterprise, conspired with members of the enterprise known as the Office of the District

2   Attorney of San Bernardino County, and others unknown, as well as, Defendants Jason

3   Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to "Obstruct Justice in

4   violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§ 1962 (c),(d), and in

5   violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of State Law", DID

6   NOT afford Plaintiff an opportunity to return the mail in question to its sender.

7   93.    The Defendants Dicus, The Facility Captain at High Desert Detention Center, the

8   Lieutenant at High Desert Detention Center, Defendant Sacapano, Defendant Cerda,

9   and Does 1 to 5, while engaged as members of the enterprise known as the SBCSD, and

10  while performing their duties within that enterprise, and for the benefit of said

11  enterprise, conspired with members of the enterprise known as the Office of the District

12  Attorney of San Bernardino County, and others unknown, as well as, Defendants Jason

13  Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to "Obstruct Justice in

14  violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§ 1962 (c),(d), and in

15  violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of State Law", violated

16  the well established First Amendment Right to Associate, the Fifth Amendment Right to

17  a Fair Trial, the Sixth Amendment Right to Prepare a Defense, and the Fourteenth

18  Amendment Right to Due Process, under the "Color of State Law" thus amounting to a

19  violation of 42 U.S.C.A. §§ 1983-1985.

20  94.    On March 29th, 2024, The Honorable Judge Michael Dauber, in Department V-7

21  of the Victorville Superior Court would DISMISS the case of *People v. Dilks*

22  *FVI21002266.* The case was dismissed on the ground that the State had violated *Penal*

23  *Code § 629.70*, thus rendering the evidence in the possession of the people inadmissible

24  in any hearing, trial, or otherwise.

25

95. Defendant Charles Tsuei, while engaged as members of the enterprise known as

the Office of the District Attorney of San Bernardino County, and while performing his

duties within that enterprise, and for the benefit of said enterprise, conspired with

members of the enterprise known as the Office of the District Attorney of San

Bernardino County, and others unknown, as well as, Defendants Jason Anderson, Britt

Imes, Charles Tsuei, and Defendant Christopher Pollone while engaged as a member of

the enterprise known as the Victorville Division of the San Bernardino County Superior

Court, and while performing his duties within that enterprise, and for the benefit of

said enterprise, "Obstructed Justice in violation of 18 U.S.C.A. § 1503", and in violation

of 18 U.S.C.A. §§ 1962 (c),(d), and in violation of 42 U.S.C.A. §§ 1983-1985, while acting

under "Color of State Law", when re-filing charges on evidence that had been *DEEMED*

"Statutorily Inadmissible"(Cal. P.C. § 629.70) in a Court of Law.

96. On March 29th, 2024, Defendant Christopher Pollone, while engaged as a

member of the enterprise known as the Victorville Division of the San Bernardino

County Superior Court, and while performing his duties within that enterprise, and for

the benefit of said enterprise, conspired with members of the enterprise known as the

Office of the District Attorney of San Bernardino County, and others unknown, as well

as, Defendants Jason Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to

"Obstruct Justice in violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§

1962 (c),(d), and in violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of

State Law", by allowing Defendant Tsuei to re-file charges in *People v. Dilks

FVI24000869*, on the SAME EVIDENCE that had just hours before been deemed

inadmissible by the Honorable Michael Dauber, and setting bail in the amount of

$1,000,000.

97.   Defendants John P. VanderFeer, Melissa Rodriguez, while engaged as members
of the enterprise known as the Victorville Division of the San Bernardino County
Superior Court, and while performing their duties within that enterprise, and for the
benefit of said enterprise, conspired with members of the enterprise known as the San
Bernardino County District Attorney's Office, and others unknown, as well as,
Defendants Jason Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to
"Obstruct Justice in violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§
1962 (c),(d), and in violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of
State Law", by refusing to consider properly presented motions in a Court of Law.

98.   Defendant Melissa Rodriguez while engaged as a member of the enterprise
known as the Victorville Division of the San Bernardino County Superior Court, and
while performing her duties within that enterprise, and for the benefit of said
enterprise, conspired with members of the enterprise known as the San Bernardino
County District Attorney's Office, and others unknown, as well as, Defendants Jason
Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to "Obstruct Justice in
violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§ 1962 (c),(d), and in
violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of State Law", would
on five subsequent occasions be presented with the facts of the actions of the
Defendants Dicus, The Facility Captain at High Desert Detention Center, the Lieutenant
at High Desert Detention Center, Defendant Sacapano, Defendant Cerda, and Does 1 to
5, and would on each occasion refuse to hear the "Motion to Dismiss on Due Process
Grounds", thus amounting to a "Pattern of Racketeering Activity" as defined under
Federal Law.

99.   Defendant Melissa Rodriguez, while engaged as a member of the enterprise
known as the Victorville Division of the San Bernardino County Superior Court, and

while performing her duties within that enterprise, and for the benefit of said

enterprise, conspired with members of the enterprise known as the San Bernardino

County District Attorney's Office, and others unknown, as well as, Defendants Jason

Anderson, Britt Imes, Charles Tsuei, and Defendant Bean, to "Obstruct Justice in

violation of 18 U.S.C.A. § 1503", and in violation of 18 U.S.C.A. §§ 1962 (c),(d), and in

violation of 42 U.S.C.A. §§ 1983-1985, while acting under "Color of State Law",, to

"Obstruct Justice in violation of 18 U.S.C.A. § 1503", and made the assertion that she

was not going to enforce the rights of Plaintiff in her courtroom, on the premise that the

proper party HAD NOT been served. The "proper" party in the case of "The People of

the State of California vs. Thomas Dilks", is the People of the State of California, hence

the Defendant Charles Tsuei, had been properly served with the "Motion to Dismiss on

Due Process Grounds". Defendant Melissa Rodriguez's refusal to enforce the rights of

Plaintiff in her courtroom amounts to a violation of 18 U.S.C.A. § 1503, "Obstruction of

Justice", and evinces yet another pattern activity of "racketeering" as announced under

"Federal Law". 18 U.S.C.A. §§ 1962 (c),(d).

/00.  Defendant John P. VanderFeer while engaged as a member of the enterprise

known as the Victorville Division of the San Bernardino County Superior Court, and

while performing her duties within that enterprise, and for the benefit of said

enterprise, conspired with members of the enterprise known as the San Bernardino

County District Attorney's Office, and others unknown, as well as, Defendants Jason

Anderson, Britt Imes, Charles Tsuei, and Defendant Trevor Malensek, and Defendant

Carl Chiappone, to "Obstruct Justice in violation of 18 U.S.C.A. § 1503", and in violation

of 18 U.S.C.A. §§ 1962 (c),(d), and in violation of 42 U.S.C.A. §§ 1983-1985, while acting

under "Color of State Law", by refusing to entertain Plaintiff's "Motion to Dismiss on

Due Process grounds on more than FOUR (4) occasions, thus amounting to a "Pattern of Racketeering Activity".

101. Defendants, VanderFeer, and Curtis, have both been presented with clear violations of State Law by Defendant Charles Tsuei, who has presented to the Court, "PERJURED" or "False" documents on more than TWO (2) distinct occasions .

102. Defendants, VanderFeer, Curtis, Rodriguez, Harris, Sinclair, Powell, and Pollone, have all within the past THREE (3) years, been apprised of wrongdoing by Defendants Imes, Han, Tsuei, Bean, Galvan, Malensek, and Chiappone, and have elected to do "NOTHING", thus they have all "Obstructed Justice" under 18 U.S.C.A. § 1503, § 1962 (c)(d). As well they have **ALL** violated their ***"Sworn Oath"*** that was taken upon their acceptance to the Judiciary, to uphold the laws of the State of California, as well as The California Constitution, and most importantly, The United States Constitution.

103. Wherefore, Plaintiff requests a "JURY TRIAL", and an award of "DAMAGES" commensurate with Federal Civil RICO Statutes, those allowed by law under 42 U.S.C. § 1983 as well, "ATTORNEY'S FEES", and any other relief this Court deems appropriate.

**COUNT ONE**

**(Violation of Civil Rights—Title 42 U.S.C.A. §§ 1983-1985)**

104. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this Count.

105. All Defendants named herein have, directly and indirectly, violated, aided and abetted, the violations of Plaintiff's Civil and Constitutional Rights "under color of State Law"

**COUNT TWO**

**(Conspiracy to interfere with Civil Rights—Title 42 U.S.C.A. § 1985)**

106. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this Count.

107.    All Defendants named herein, directly, and indirectly, knowingly and willfully, conspired with each other and others yet unknown, as stated within the above complaint, to interfere with, and/or violate Plaintiff's Civil and Constitutional Rights.

### COUNT THREE

**(Civil RICO Violations – Title 18 U.S.C.A. §§ 1959(a)(5)**
**(1961(1)(B) & 1962(c),(d)**

108.    Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this Count.

109.    Each Defendant committed at least TWO (2) "predicate acts" amounting to a "Pattern of Racketeering Activity" as defined by statutes announced within 18 U.S.C.A. §§ 1961(1)(B), thus affecting "Interstate Commerce". Plaintiff is the owner of "Extreme Wrecker & Road Service", a small business originally licensed in San Bernardino County California, whose sole business operations are the towing, maintenance, & repair of Diesel Trucks, registered with the Department of Transportation, as well as the California Dept. of Motor Vehicles, to transport "commodities" nationwide.

110.    Defendant's acts, committed collectively and/or individually, whether in a conspiratorial nature within their respective enterprise, or with the members of the other named "enterprises", have caused "irreparable" injury to Plaintiff's business, and have "collectively" and/or "individually" caused the loss of numerous iems of personal property.

111.    Each Defendant, persons within the meaning of RICO, in violation of 18 U.S.C.A. §§ 1962(a)(b), through their predicate acts, acquired and maintained an interest in the enterprise, continuing their acts in the conspiracy, and furthering the interests and the cause of the enterprises of which they are members. The proceeds of their predicate acts came in the form of their promotion within their respective enterprises, both within the hierarchy thereof, and in the form of an increase in compensation for their performance within, and as, members of said enterprises.

112.   As to those Defendants named as members of the enterprise known as the
Victorville Division of the Superior Court of San Bernardino County, the proceeds of
their predicate acts come in the form monetary compensation for the enterprise of
which they are collectively and individually members thereof. The enterprise known as
the Victorville Division of the Superior Court of San Bernardino County, is a
subordinate division, of the corporate entity known as the County of San Bernardino. It
maintains its own independent "financial/fiduciary" commission. Its monetary
compensation is based on quarterly fiscal reports that detail no only performance, but
also expenditures.

113.   Defendants Powell, Pollone, Sinclair, Harris, Arredondo, Quintana-Winter,
Rodriguez, and VanderFeer, predicate acts of "obstruction of justice", and the
conspiracy thereof, result in a direct increase in the number of individuals incarcerated
within the San Bernardino County Jail/State of California, thereby resulting in an
increase in federal monetary compensation, thus directly affecting interstate commerce.

114.   As to those Defendants named as members of the enterprise known as the Office
of the District Attorney of San Bernardino County, the proceeds of their predicate acts
come in the form of promotions within the hierarchy of said enterprise, as well as
increases in monetary gains in compensation, based on their performance merits within
the enterprise. The enterprise known as the Office of the District Attorney of San
Bernardino County, acquires monetary compensation based on the quarterly fiscal
review of "criminal actions initiated", as well as those convictions acquired, fines
imposed, collection of monies, etc., as weighed against monies expended by the
enterprise. These financial gains obtained by the enterprise, are also considered within
the budgetary concerns of the County of San Bernardino/State of California, thereby
resulting in the increase in federal monetary compensation, thus directly affecting
interstate commerce.

115.   Defendants Anderson, Imes, Han, & Tsuei have all individually been apprised of
the "illegality" and violative nature of their continued "obstruction of justice", and have
each individually been asked to cease and desist in their actions, and/or been informed

that they would be sued in this Court of Law.

## COUNT FOUR

### (Intentional Violation of Common Law Torts)

116. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this Count.

117. All Defendants named herein, have committed acts of misconduct, both individually and collectively, while engaged as members of a conspiracy, that amount to tortious injury under the common law. Their tortious acts, whether committed individually and/or collectively, have all been in violation of their respective "Oaths of Office", thus violating the rights not only of the citizens they've sworn to protect, who've entrusted them with their respective positions of employment, but also causing "irreparable" injury to Plaintiff, under the "Color of State Law".

## COUNT FIVE

### (Violation of Constitutional Rights & Protections)
### (42 U.S.C.A. § 1983)

118. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this Count.

119. Defendants Dicus, Bean, Galvan, Sims, Godoy, Malensek, Chiappone, John Doe #1, John Doe #2, Jared Sacapano, and Smash Deputy Cerda, directly and indirectly, individually and/or collectively, and at different times named herein, have violated the Constitutional Rights & Protections of Plaintiff.

120. The first of these violations, committed by Defendant Shannon Dicus, and Does 3-11, stem from the "illegal" use of a "Stingray Device", aka IMSI Catcher, on September 29th, 2021, in the City of Redlands, California, County of San Bernardino, to Geo-Locate a cellular device subscribed to Plaintiff and with said information, seize his person, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

121. Defendants Shannon Dicus, Doe #1, Doe #2, Jared Sacapano, and Smash Deputy Cerda, directly and indirectly, individually and/or collectively, on at least four occassi-

ons, violated Plaintiff's First, Fifth, Sixth, and Fourteenth Amendment Constitutional Rights and Protections, by seizing an destroying his "legal mail" with no notification whatsoever. At the times of the said occurrences, Plaintiff was in the custody of Defendants and attempting to represent himself in defending against allegations of criminal wrongdoing.

122. Defendants had then, and continue to have, a state created "due process" requirement to notify Plaintiff of the refusal to deliver his legal mail. By refusing to adhere to the rules and regulations governing their behavior, defendants have denied Plaintiff of his "Due Process" First Amendment right to receive mail, his Fifth Amendment Right to a Fair Trial, his Sixth Amendment Right to Prepare an Adequate Defense, and his rights announced under the Fourteenth Amendment that no state shall deprive an individual of his rights to "Life, Liberty, or Property" without due process of law.

123. Defendants violated these requirements while acting "under color of state law", thereby causing irreparable injury to Plaintiff, thus violating his Constitutional Rights as announced in the U.S. Constitution.

## COUNT SIX

### (Fraud against Plaintiff)

124. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this Count.

125. Defendants Dicus, Bean, and Galvan, individually and/or collectively committed injurious acts of fraud against Plaintiff. Defendants Bean and Galvan, while acting as members of a conspiracy, intended to and did, conspire with each other, and other members yet to be discovered, committed fraud by acquiring information that hey knew was not confirmed, by means of illegally eavesdropping on a conversation, failing to utilize both computer and forensic technology readily at their disposal to verify the accuracy of their purported assumptions, and having knowingly and intentionally, failed to verify said information, presented that information to a district attorney in an effort to institute criminal proceedings against Plaintiff.

126. Defendant Dicus, Bean, and Galvan, by and through their presentation of
fraudulent information to Defendant Anderson, secured a warrant for the arrest of
Plaintiff, thereby causing irreparable injury based on their tortious behavior.

### COUNT SEVEN

### (Intentional Obstruction of Justice – 18 U.S.C.A. § 1503)

127. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if
fully reasserted in this Count.

128. All Defendants named herein, directly or indirectly, individually and/or
collectively, while acting as members of alleged conspiracies, have committed acts
amounting to the "obstruction of justice" in violation of 18 U.S.C.A. § 1503.

129. Each and/all of the defendants named within this complaint, are "Sworn Officers
of the Court", or "Sworn Officers of the Law". By this oath alone, they have knowingly,
willfully, and intelligently agreed to uphold the laws of the State and Federal
Constitution.

130. These obstructions of justice, have been, and continue to be, the proximate cause
of Plaintiff's complaints alleged herein, that continue to deprive him of his liberty and
his property.

131. Defendants Dicus, Bean, Galvan, Sims, Godoy, Malensek, and Chiappone,
obstructed justice in their "overzealous" pursuit of suspects in Operation GIT Branded.

132. Defendants Bean, Galvan, Sims, and Godoy allegedly intercepted a phone call
containing Plaintiff's voice. In this conversation, they are purporting to have heard
Plaintiff give his telephone number to a co-conspirator. Having the ability and the
means to, as well as being ordered by Defendant Powell to, "acquire and obtain
Subscriber Information" to each conversation intercepted, Defendants Bean, Galvan,
Sims, and Godoy, DID NOT acquire the "Subscriber Information" that would establish
the identity of the speaker to the communication intercepted, instead, they relied upon
the assumption of Defendant Bean that based on his "listening to Jail Calls" (some Eight
(8) years prior to the call in question) he was "sure" that the speaker to the call was Pla-

intiff. Defendants Bean, Galvan, Sims, and Godoy, while working as members of

Operation GIT Branded, identified "dozens" of individuals through the use of their

"Subscriber Information" as intercepted during surveillance.

133. Justice, at its most basic commands, requires that individuals in a like category

be treated the same, "Justly".

134. Defendants Dicus, Doe #1, Doe #2, Sacapano, Smash Deputy Cerda, have all

"obstructed justice" in their actions of seizing and destroying Plaintiff's "Legal Mail" in

total violation of the laws the govern their respective duties as Deputy Sheriffs.

135. Defendants Arredondo, Quintana-Winter, Rodriguez, and VanderFeer, have

each and all, "obstructed justice" in their actions, while engaged as members of the

enterprise known as The Victorville Division of the San Bernardino County Superior

Court, in the interests of the enterprise, and in furtherance of the cause thereof, while

sitting as Judges of the Superior Court, within that enterprise, having been presented

with numerous "Motions" apprising said Defendants of the violations of Plaintiff's

rights, and with NO filings in opposition, either "refusing to hear" an/or "denying"

Plaintiff's motions.

## COUNT EIGHT

### (Intentionally Interfering with Prospective Economic Advantage)

136. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if

fully reasserted in this Count.

137. All Defendants, by and through their acts, have intentionally interfered with

Plaintiff's prospective economic advantage.

## COUNT NINE

### (Negligent Interference with Prospective Economic Advantage)

138. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if

fully reasserted in this Count.

139. All Defendants, directly or indirectly, by and through their acts, have negligently

interfered with Plaintiff's prospective economic advantage.

## COUNT TEN
### (Intentional Infliction of Emotional Distress)

140. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this count.

141. All Defendants by and through their acts, have intentionally inflicted "Emotional Distress" upon Plaintiff, by their continuous and repeated violations of Plaintiff's rights as named herein

## COUNT ELEVEN
### (Negligent Infliction of Emotional Distress)

142. Plaintiff repeats and re-alleges all preceding paragraphs of this complaint, as if fully reasserted in this count.

143. All Defendants, by and through their acts, have negligently inflicted "Emotional Distress" upon Plaintiff, by their continuous and repeated violations of Plaintiff's rights as named herein.

## DEMAND FOR DAMAGES

144. Plaintiff demands from the Defendants in both their Individual & Official Capacities;

145. Damages, Punitive Damages, Costs, Attorney's Fees and any other relief that the Jury and/or The Court deems proper, and thus finds adequate.

146. As to COUNT ONE—Violation of Civil and Constitutional Rights-- Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

147. As to COUNT TWO—Conspiracy to Interfere with Civil and Constitutional Rights-- Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS

148. As to COUNT THREE—Civil RICO Violations— Judgment for liability, individually and collectively, against ALL DEFENDANTS as decided by the Jury at trial, as well as a monetary judgment in the amount of treble damages as concerns the

loss/injury to business, and loss of property, plus Attorney Fees, Costs, and any other amount determined by the Jury at trial and/or approved by this Esteemed Court.

149. As to COUNT FOUR—Violation and Deprivation of Common Law Torts-- Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

150. As to COUNT FIVE—Violation of Rights And Constitutional Protections— Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

151. As to COUNT SIX—Fraud against Plaintiff-- Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

152. As to COUNT SEVEN—Intentional Obstruction of Justice in Violation of 18 U.S.C.A. § 1503-- Investigation by the United States Attorney's Office for the Central District of California, criminal prosecution under federal criminal RICO statutes, and Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

153. As to COUNT EIGHT—Intentional Interference with Prospective Economic Advantage-- Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

154. As to COUNT NINE-- Negligent Interference with Prospective Economic Advantage-- Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

155. As to COUNT TEN—Intentional Infliction of Emotional Distress— Judgment in the amount of not less than 5 Million Dollars, individually and collectively, against ALL DEFENDANTS.

156. As to COUNT ELEVEN—Negligent Infliction of Emotional Distress-- Judgment in the amount of not less than 10 Million Dollars, individually and collectively, against ALL DEFENDANTS.

## VERIFICATION OF COMPLAINT

157. I, THOMAS DILKS, state under the penalty of perjury of the laws of the State of California, as well as those enumerated within the Federal Statutes, that I am the plaintiff in the above entitled action.

158. That each and all of the allegations set forth herein are based upon my personal knowledge of the facts as I know them to exist.

159. That although I am proceeding in *Pro Se*, I have done my best to set forth facts upon which relief may be granted, and should the Court find my complaint lacking in support, (either factual, or theoretical), I am respectfully requesting permission from the Court, the ability to "amend" the pleadings to make them conform with the requisite standards.

160. This statement is made on this the First day of ~~October,~~ December, 2024, at Adelanto, Ca.

PROOF OF SERVICE

1

2     I, _THOMAS DILKS_____ do aver that;

3          I am over the age of 18 years old, and a party/not a party (strike one out)

4     to the above entitled action.

5          As such, on _12-6-24_____, I placed in the United States Mail, with postage

6     fully prepaid, the following

7     document(s)_FEDERAL CIVIL RICO COMPLAINT_____

8          The envelopes in which the documents were mailed were addressed as follows:

9     THE CLERK OF THE COURT          _____

10    3470 12ST RM 134                _____

11    RIVERSIDE, CA                   _____

12    _____                _____

13         92501                             _____

14

15         This statement is made under the penalty of perjury on this the _6th____

16    day of _December_

17    _2024____, executed at _Adelanto_____, California.

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE BY MAIL



THOMAS DILKS
22063400049
9438 Commerce Wy
Adelanto, CA.
92301

92301

DEC 16 2024

LEGAL MAIL
#1486

THE CLERK OF THE
UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DIST. OF CALIFORNIA- EAST.
3470 12TH ST. ROOM 13
RIVERSIDE, CA.
92501

15930    12/12/24