UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROBERT DILKS,<br><br>  Plaintiff,<br><br>  v.<br><br>JASON ANDERSON, et al.,<br><br>  Defendants. | Case No. 5:24-cv-02686-JFW-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

**I.   Pertinent Procedural History and Plaintiff's Claims**

On December 16, 2024, Thomas Robert Dilks ("Plaintiff"), a pretrial detainee proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 1962-1964, alleging violations of various rights under the United States Constitution, along with federal and state criminal statutes, in connection with his pending criminal charges.  Dkt. No. 1.  The Complaint named 28 Defendants and asserted 11 causes of action, including claims for civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), intentional violation of common law torts, fraud, intentional obstruction of justice, intentional and negligent interference with prospective economic advantage, and intentional and negligent infliction of emotional

distress. *Id*. at 24-31.  Plaintiff sought monetary damages, along with an investigation by the United States Attorney's Office and criminal prosecution of Defendants under federal criminal RICO statutes.  *Id*. at 32.

On June 12, 2025, the Court issued a screening order dismissing the Complaint under the *Younger*[1] abstention doctrine, absolute judicial immunity, and for failure to state a claim and directed Plaintiff to file a First Amended Complaint curing the defects identified by the Court no later than July 15, 2025.  Dkt. No. 12.  The Court's Order was mailed to the address listed on the Complaint, which was the High Desert Detention Center in Adelanto, California.  *Id*.

On July 9, 2025, the Court's order was returned from the High Desert Detention Center with notations "RETURN TO SENDER" and "NIC" (not in custody).  Dkt. No. 18.

On August 5, 2025, the Court issued an Order requiring Plaintiff to provide his current address and comply with the Court's June 12, 2025 Order.  Dkt. No. 20.  The Court ordered Plaintiff to provide a current address and a First Amended Complaint curing the deficiencies outlined in Docket Number 12 to the Court no later than August 25, 2025.  *Id*.  Plaintiff was cautioned that if he failed to respond to the Order, the Court would recommend dismissal of this action for failure to prosecute.  *See id*.  The Order was mailed to the address listed on the Complaint.  *Id*.

On August 25, 2025, the Court's Order was returned from High Desert Detention Center with notations "RETURN TO SENDER" and "NIC."  Dkt. No. 21.

To date, Plaintiff has not responded to the Court's orders, provided an updated address, or otherwise communicated with the Court about his case since April 2025.  Accordingly, the case is now subject to dismissal for

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

2

Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

## II. Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff did not file a First Amended Complaint or provide an updated address. His failure to file an amended complaint or update his address—or show good cause for his delay—prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – does not counsel in favor of dismissal because no viable pleading exists, and thus Defendants are unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an

unreasonable delay, given that the Court has attempted to mail several orders to Plaintiff and has received no communication. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court, update his address, and file an amended complaint. Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal. *See* Dkt. Nos. 6, 12, 20. Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The Court

4

concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 29, 2025

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE